**AFFIRMED; Opinion Filed June 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00995-CR

## COURTNEY EARLENE SHANNON, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Grayson County, Texas
Trial Court Cause No. 2011-1-1161

## MEMORANDUM OPINION
Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice Moseley

A jury convicted Courtney Shannon of a Class B misdemeanor offense of theft of property valued $50.00 or more but less than $500.00. The trial court assessed a punishment at 180 days' confinement, probated for twelve months, and a fine of $250.00. Shannon brings two issues on appeal: (1) the evidence is legally insufficient[1] to support her conviction; and (2) the trial court erred in denying Shannon's challenge for cause to veniremember number nine.

The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial

---

[1] Shannon also brought a claim of factual sufficiency. The court of criminal appeals held there is no meaningful distinction between the legal and factual sufficiency standards of review. *Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). Accordingly, we analyze Shannon's issue under the legal sufficiency standard only.

court's judgment.

We apply the appropriate legal sufficiency standard of review. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), *cert. denied,* 132 S. Ct. 1763 (U.S. 2012). In a legal sufficiency review, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames,* 353 S.W.3d at 860. This standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Id.*

A person commits theft if the person unlawfully appropriates property with intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (West 2011). Appropriation of property is unlawful if it is without effective consent of the owner. *Id.* § 31.03(b). The offense is a Class B misdemeanor if the value of the property is $50.00 or more but less than $500.00. *Id.* § 31.03(e)(2)(A)(i). Under the law of parties, a person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of an offense, she solicits, encourages, directs, aids or attempts to aid the other person to commit the offense. *Id*. § 7.02(a)(2).

Late one night, a police officer noticed a vehicle enter the parking lot of a closed business and turn its headlights off. Suspicious because of prior thefts in the area, the officer approached the vehicle. He saw Shannon sitting in the driver's seat and two men outside the vehicle. When he arrived at the vehicle, the two men were gone. The trunk of the vehicle was open with four empty beer kegs sitting close by. The officer testified Shannon claimed she was the driver and they had come from a friend's house in Sherman. At trial, however, Shannon testified she was only a passenger. On the night in question, she stated she did not know the men, before eventually claiming she knew the name of one man, Dustin. At trial, Shannon testified she had

–2–

met the second man, Shane Erik Dodson, approximately two months before the incident, but did not tell that to the officer. Dodson was arrested later that night and ultimately pled guilty to theft of the kegs. An employee of the place of business testified that no one had permission to enter the property and move the kegs that night. He also testified that there was a deposit of $30.00 on each keg.

There is evidence in the record that Shannon assisted the men who committed the actual theft. She was present at the scene, there was believable evidence that she was the driver, and she did not help the officer when he questioned her about the identities of the two men. Thus, the jury could have rationally convicted her as party to the offense. Considering all the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found Shannon guilty of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Adames*, 353 S.W.3d at 860. Thus, we overrule Shannon's legal sufficiency issue.

Shannon's second issue contends the trial court erred in denying a challenge for cause to veniremember number nine. We review the trial court's ruling for an abuse of discretion. *See Gonzales v. State*, 353 S.W.3d 826, 831 (Tex. Crim. App. 2011). The trial court's decision is afforded great deference because the trial judge is present to observe the demeanor of the veniremember and to listen to the tone of his voice. *Id.* Consequently, a trial court's ruling on a challenge for cause will be reversed only if a clear abuse of discretion is evident. *See Davis v. State*, 313 S.W.3d 317, 344 (Tex. Crim. App. 2010).

Shannon's counsel asked if one veniremember would be "able to provide [Shannon] the presumption of innocence." She then asked each veniremember individually if they "will do that." Veniremember number nine responded, "If at the end I find that I find the defendant guilty, I'll vote guilty; and not guilty, I'll vote not guilty. I won't know until the end."

Shannon's counsel then asked, "Is there someone in your life that you trust so implicitly

that you wouldn't believe them to be innocent despite them being charged with a crime?" Number nine responded, "I don't think so." Shannon's counsel followed with, "So your normal suspicions that you have, would that cause you to have some problem placing the presumption of innocence on someone at the beginning of the case?" Number nine said, "Yes, it would." Shannon's counsel challenged veniremember number nine for cause. The State responded that the questions were not clear-cut and did not ask whether the veniremember could afford the presumption of innocence at the outset of the trial. The trial court overruled the challenge.

We agree the questions were confusing, however, the initial response indicated the veniremember's willingness to withhold judgment until he had heard all the evidence. That he may have equivocated in response to later questions did not render him challengeable for cause. *See Garcia v. State*, 887 S.W.2d 846, 855 (Tex. Crim. App. 1994); *See also Swearingen v. State*, 101 S.W.3d 89, 99 (Tex. Crim. App. 2003). The trial court was in the best position to evaluate the response. Therefore, the trial court did not err by denying Shannon's challenge for cause. *See Swearingen*, 101 S.W.3d at 99. We overrule Shannon's second issue.

We affirm the judgment of the trial court.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
130995F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COURTNEY EARLENE SHANNON,
Appellant

No. 05-13-00995-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 1, Grayson County, Texas
Trial Court Cause No. 2011-1-1161.
Opinion delivered by Justice Moseley.
Justices O'Neill and FitzGerald participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of June, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE